FOIL, Judge.
In this appeal, an inmate challenges his status as a third felony offender ineligible under La.R.S. 15:574.4(A)(1) for parole consideration. We hold that the use of convictions obtained prior to the effective date of La.R.S. 15:574.4(A)(1) is not an impermissible ex post facto application of the law, where at least one conviction for which a prisoner has been classified as a third felony offender occurred after its effective date. Accordingly, we affirm the judgment of the trial court.
Carlton Thomas, an inmate of Washington Correctional Institute, utilizing the prison’s administrative grievance process, sought to have his offender status changed from a third felony offender to a second felony offender. As a third felony offender, Thomas is ineligible for parole under La.R.S. 15:574.4(A)(1), which states that “[a] person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole.” Thomas’ status was based on his present post-1982 felony conviction, coupled with two previous felony convictions in 1979 and 1980.[1] The statutory provision in question was amended in 1981 by Acts 1981, No. 762. Act 762 stipulates that it shall apply only to those offenses committed on or after the effective date of the Act, set forth in the Act as July 1, 1982. (Acts 1981, No. 762, § 2 and 5.) The statute in effect prior to July 1, 1982, governing parole eligibility did not eliminate a third felony offender from parole consideration.
Thomas’ request was denied by prison officials, and after exhausting his administrative remedies, Thomas appealed to the 19th Judicial District Court for the Parish of East Baton Rouge. A hearing was held before a Commissioner of the court. Thomas alleged that the 1981 amendment to La.R.S. 15:574.4 precluded consideration of crimes committed prior to its effective date in determining an offender’s status and hence eligibility for parole. Additionally, Thomas urged that the use of his two pre-1982 convictions and his present post-1982 conviction in declaring him ineligible for parole constitutes an impermissible ex post facto application of the law. The Commissioner disagreed with these allegations, and recommended denying Thomas’ request. The trial court dismissed Thomas’ appeal, ruling in favor of the Department of Corrections. Thomas perfected this appeal, reurging his arguments before this court.
Addressing first the argument regarding legislative intent, we disagree with Thomas’ • position that the legislature intended that all of the felonies used in classifying an inmate as a third felony offender ineligible for parole must have occurred after the July 1, 1982, effective date of La.R.S. 15:574.4(A)(1). We believe that by *146 stipulating that the provision applied only to offenses committed on or after its effec-tiv$ date, the legislature was precluding retrospective application of the law where all of the offender’s felonies occurred prior to the effective date. The legislature mandated that the present felony conviction, that is, the one for which the offender is declared to be a third or subsequent felony offender ineligible for parole, must have occurred after the July 1, 1982, effective date of La.R.S. 15:574.4(A)(1). The legislature did not intend to preclude the use of pre-1982 felony convictions where the present felony conviction occurred after 1982 in classifying an inmate as a third felony offender.
The only remaining issue is whether La. R.S. 15:574.4(A)(1), which allows the use of pre-1982 convictions, coupled with a post-1982 conviction to determine an offender’s status as ineligible for parole, is an unconstitutional ex post facto law enacted in contravention of U.S. Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. Clearly, it is not.
The ex post facto prohibition prevents States from enacting any law “which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.” Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). In order for a criminal or penal law to be declared ex post facto, two elements must be present: it must be retrospective, that is, it must apply to events that occurred before its enactment, and it must disadvantage the offender affected by it. Id. The prohibition is designed to give individuals fair warning of the effect of the law, and prohibits imposition of punishment more severe than that assigned by law when the act sought to be punished occurred. Weaver v. Graham, 450 U.S. at 29, 30, 101 S.Ct. at 964, 965.
The statute in question declaring Thomas ineligible for parole consideration is not retrospective in its application. The statute was enacted before the present felony conviction for which Thomas has been denied parole eligibility. Felons were given fair notice that a third felony conviction after July 1, 1982, carried the consequence of denial of parole eligibility. The statute does not impose a punishment more severe than that assigned by law when Thomas’ present felony conviction occurred, and it has no effect on the punishment Thomas received for the 1979 and 1980 felony offenses. Consequently, the application of La.R.S. 15:574.4(A)(1) to Carlton Thomas in denying him parole eligibility does not implicate ex post facto restrictions. Cf. Barksdale v. Blackburn, 670 F.2d 22 (5th Cir.), cert. denied, 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982).
Based on the foregoing, we affirm the action of the trial court in dismissing Thomas’ appeal. No costs are taxed in this proceeding.
AFFIRMED.

. Although the Department of Corrections has classified Thomas as a third felony offender, by Thomas’ own admission, he has four felony convictions, occurring in 1979, 1980, 1985 and 1986. Although the substance of these convictions is not contained in the record, it is clear that at least one of the post-1982 convictions has been used by the Department in classifying Thomas as a third felony offender ineligible for parole.